IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:22-CR-49-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELGIN HART,<br><br>Defendant. | O R D E R |

This matter is before the court on Defendant's motion for grand jury transcripts. [DE-62]. The Government filed a response in opposition. [DE-66]. For the reasons that follow, the motion is denied.

Defendant was indicted by the grand jury on August 23, 2022, on three counts of distribution of a quantity of cocaine and two counts of possession with intent to distribute five hundred grams or more of cocaine. [DE-1]. Defendant recently elected to waive his right to counsel and represent himself in this case, and he expressed intent to file a suppression motion. [DE-61]. Defendant's arraignment has been continued to allow him to prepare and file said motion. *Id.*

Defendant filed the instant pretrial motion, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), (ii) and the Fourth, Fifth, and Fourteenth Amendments to the Constitution, seeking disclosure of grand jury transcripts. [DE-62]. The Supreme Court has recognized a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *Bast v. United States*, 542 F.2d 893, 894 (4th Cir. 1976) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958)); *see also* Fed. R. Crim. P. 6(e)(2) (establishing general rule of secrecy for grand jury proceedings). "This 'indispensable secrecy of grand jury proceedings' . . . must not be broken

except where there is a compelling necessity. There are instances when the need will outweigh the countervailing policy. But they must be shown with particularity." *Id.* (quoting *Procter & Gamble*, 356 U.S. at 682). Rule 6 also provides exceptions to the general rule of non-disclosure, including as relevant here, allowing the court to authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). Additionally, a defendant is entitled to the grand jury testimony of Government witnesses *after* direct examination at trial, pursuant to the Jencks Act, 18 U.S.C. § 3500(e)(3). *See United States v. Silva*, 745 F.2d 840, 845 (4th Cir. 1984); *United States v. Fedak*, No. 4:20-CR-115-FL, 2021 WL 1321297, at *1 (E.D.N.C. Apr. 8, 2021) (denying motion for early release of Jencks Act material, including grand jury transcripts).

Defendant cites, as authority for disclosure of grand jury transcripts, statutes authorizing the disclosure of intercepted wire, oral, or electronic communications as grounds that may exist to dismiss the indictment. [DE-62] (citing 18 U.S.C. §§ 2510, 2517; N.C. Gen. Stat. §§ 15A-286, 15A-294). Defendant was the subject of two electronic surveillance orders, which he argued in his now-withdrawn suppression motion were unlawfully obtained. [DE-40]. While Defendant may challenge the issuance of the orders in a future suppression motion, he has made no particularized showing in his current motion that the surveillance orders provide any grounds "to dismiss the indictment because of a matter that occurred before the grand jury," as required by Fed. R. Crim. P. 6(e)(3)(E)(ii). The Government has stated it is not aware of any exculpatory evidence in the grand jury transcripts subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), and it will disclose any grand jury transcripts to the extent they are Jencks Act material in advance of trial with sufficient time for their effective use. Gov't Resp. [DE-66] at 1–2; *see United*

2

*States v. Hammonds*, No. 7:18-CR-50-FL, 2019 WL 4166781, at *7 (E.D.N.C. Aug. 30, 2019) (denying motion for early release of grand jury testimony). Accordingly, the motion for grand jury transcripts is denied.

So ordered, this the **24** day of August, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge

3

Case 4:22-cr-00049-FL-RJ    Document 67    Filed 08/24/23    Page 3 of 3